UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BUD'S GOODS & PROVISIONS CORP., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, LAM YAN WUN MERTON, and HSBC BANK USA, <br><br> Defendants. | Civil Action No. 4:22-cv-40002 |

NOTICE OF REMOVAL

Defendant HSBC Bank USA, N.A. ("HBUS"), incorrectly identified as "HSBC Bank USA," gives notice pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the removal of the civil action commenced in the Massachusetts Superior Court, Worcester County, identified below. HBUS denies the allegations in the Superior Court pleadings and files this notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court. As grounds for the removal of this action, HBUS states as follows:

I. The Action & Service Of Process.

On March 1, 2021, Plaintiff Bud's Goods & Provisions Corp. ("Plaintiff") commenced this civil action (the "Action") in Massachusetts Superior Court, Worcester County (the "State Court") by filing a complaint (the "Complaint") bearing Docket No. 2185CV00226 (the "Action") and a civil action cover sheet (the "Civil Action Cover Sheet"), against Defendant John Doe ("Doe"), an alleged anonymous hacker, and Defendant Lam Yan Wun Merton ("Merton"). See Compl., Exhibit A; Civil Action Cover Sheet, Exhibit B. The Complaint alleges that Doe and Merton engaged in a scheme to misdirect $459,153.06 from Plaintiff's account at Century Bank, 400

Mystic Avenue, Medford, MA, to an account in Merton's name at "HSBC Bank, 452 5th Avenue, New York, New York." Id.  It does not appear that Plaintiff has served Doe or Merton. See Second *Ex Parte* Motion to Extend the Tracking Order Deadline For Service of Process, Exhibit C.

On the same day the Complaint was filed, Plaintiff issued a subpoena *duces tecum* to HBUS seeking information related to the Merton account and related transactions. See First Amended Complaint ("FAC"), ¶20, Exhibit D.  HBUS complied with the subpoena. Id.  Using the information from HBUS's responses, Plaintiff then amended the complaint to add HBUS as a defendant on September 29, 2021.  Subsequently, Plaintiff served HBUS with the FAC via certified mail on December 10, 2021.  See Signed Certified Mail Green Card, Exhibit E.  Removal of this case is timely as this Notice is filed within thirty (30) days of service of the Summons and Complaint upon HBUS. See 28 U.S.C. § 1446 (b)(1) (30 day's after service of summons).

## II.      Pleadings & Notice To State Court.

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders, and proceedings from the State Court will be filed with this Court within 28 days. Contemporaneous with the filing of this Notice, HBUS has given written notice to Plaintiff and has notified the State Court of this Removal.

## III.     Statement Of Statutory Basis For Removal.

A.     This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332.

The Court has diversity jurisdiction under 28 U.S.C. § 1332.  Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  The Action satisfies both prongs of Section 1332.

1. <u>The Amount In Controversy Exceeds $75,000.</u>

This Action meets the $75,000.00 amount in controversy requirement based upon Plaintiff's demand in its Complaint.  Section 1446(c)(2) explains that when calculating the amount in controversy for purposes of jurisdiction under 28 U.S.C. § 1332 (a), the "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  In calculating the amount in controversy, the Court should consider the total amount of monetary relief that a plaintiff seeks. <u>See</u> <u>Dep't of Recreation & Sports v. World Boxing</u>, 942 F.2d 84, 90 (1st Cir. 1991).  A defendant removing a case to federal court must "show a 'reasonable probability' " that the amount in controversy satisfies the jurisdictional minimum. <u>See</u> <u>Amoche v. Guar. Tr. Life Ins. Co.</u>, 556 F.3d 41, 48 (1st Cir. 2009); <u>Youtsey v. Avibank Mfg., Inc.</u>, 734 F. Supp. 2d 230, 233 (D. Mass. 2010).

Here, Plaintiff's claims arise from and relate to "misdirected" funds from Plaintiff's account at Century Bank to Merton's account at HBUS through what is commonly known as a Business Email Compromise scheme. <u>See</u> <u>generally</u> FAC.  As detailed in the FAC, Plaintiff seeks to recover the $459,153.06 transfer, compensatory damages, punitive damages, prejudgment and post-judgment interest, and attorneys' fees and costs. <u>See</u> FAC, ¶¶47, 52, 57, 60, and WHEREFORE ¶¶A-E.  This amount is also confirmed on Plaintiff's Civil Action Cover Sheet, which lists the damages as $459,153.06.  <u>See</u> Civil Action Cover Sheet.  Thus, the amount in controversy is met because Plaintiff's claimed damages exceed the $75,000.00 threshold.[1]

2. <u>There Is Complete Diversity Of Citizenship Between the Parties</u>.

In determining whether complete diversity exists, the Court considers the citizenship of all properly joined and served defendants. <u>See</u> 28 U.S.C. § 1441(b).  In this case, the only "properly

---

[1] HBUS denies that Plaintiff is entitled to any damages.

joined and served defendant" is HBUS.[2]  "Under the removal statute, a defendant in a state court action may remove the action to federal court so long as the plaintiff could have originally filed the action in federal court." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009) (citing 28 U.S.C. § 1441). "The party invoking federal jurisdiction bears the burden to establish standing." McInnis-Misenor v. Maine Med. Ctr., 319 F.3d 63, 67 (1st Cir. 2003).  Diversity jurisdiction exists "only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) (internal quotation marks omitted); 28 U.S.C. § 1332.  There is complete diversity here.

Plaintiff alleges that it is a Massachusetts corporation. FAC, ¶1.  Thus, for diversity purposes, Plaintiff is a citizen of Massachusetts. See Mora v. Angiodynamics, Inc., 2021 WL 5040333 (D.Mass. Oct. 28, 2021) (corporation's citizenship, for diversity jurisdiction purposes, is both the state where it is incorporated and the state "where it has its principal place of business.") Plaintiff alleges that HBUS is "a national banking institution with its principal place of business in Buffalo, New York, and at all times material to this action, was registered to do business in Massachusetts with offices at 99 High Street, 16th Floor, Boston, Massachusetts." FAC, ¶4. Plaintiff's allegations, however, are not correct.  In fact, HBUS is a national banking association organized and operating under the National Bank Act (12 U.S.C. § 21, *et seq.*) and subject to the

---

[2] The Court need not consider Doe's or Merton's citizenship as part of the diversity analysis. As to Doe, the plain language of 11 U.S.C. 1441(b)(2) excludes him because "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." As to Merton, it appears that Plaintiff has not served him with the Complaint or the FAC, which means he is not a "properly joined and served" defendant. See 11 U.S.C. 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which such action is brought.") (emphasis added); see e.g. Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019) (affirming denial of remand motion with unserved defendants).  Moreover, Plaintiff does not allege that either Doe or Merton are Massachusetts residents, so they would not defeat diversity in any event. See FAC, ¶¶ 2-3.  Plaintiff alleges that Doe and Merton may be the same individual, and that Merton is a resident of Hong Kong. Id., ¶¶ 17, 21; Second *Ex Parte* Motion to Extend the Tracking Order Deadline For Service of Process, ¶5 Exhibit C ("Bud's has move diligently to accomplish service on Merton in Hong Kong…").  The Court is only required to consider the citizenship of Plaintiff and HBUS for diversity purposes here.

regulation and supervision of the Comptroller of the Currency of the United States Department of the Treasury.  National banking associations are deemed "citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  The United States Supreme Court has held that this language means that a national banking association is a citizen of the state in which its main office, as set forth in its articles of association, is located.  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).  HBUS's main office, as set forth in its Amended and Restated Articles of Association (and listed in the OCC's national bank list), is Tysons, Virginia.  See https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.  Thus, for purposes of diversity, HBUS is a citizen of Virginia.  With a Massachusetts plaintiff and a Virginia defendant, complete diversity exists under 28 U.S.C. § 1332.

### IV.   Conclusion

HBUS requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the State Court.  To the extent that Plaintiff challenges removal, HBUS requests the opportunity to brief and argue any issues or questions regarding this Court's jurisdiction.

                        Respectfully submitted,

                        HSBC Bank USA, N.A.
                        by its attorneys,

                        */s/ Sean R. Higgins*
                        Sean R. Higgins (BBO# 659105)
                        sean.higgins@klgates.com
                        Keith J. McCarthy (BBO# 690779)
                        keith.mccarthy@klgates.com
                        K&L Gates LLP
                        State Street Financial Center
                        One Lincoln Street
                        Boston, MA 02111
                        617 261 3100

Dated:  January 6, 2022            617 261 3175 (f)

CERTIFICATE OF SERVICE

I, Sean R. Higgins, certify that on January 6, 2022 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants including:

Barry S. Pollack
bpollack@psdfirm.com
Peter J. Duffy
pduffy@psdfirm.com
Pollack Solomon Duffy LLP
101 Huntington Ave, Suite 530
Boston, MA 02199

                                                              */s/ Sean R. Higgins*
                                                                Sean R. Higgins